United States v. Vella

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand sixteen.

PRESENT: DENNIS JACOBS,
　　　　　RICHARD C. WESLEY,
　　　　　DEBRA ANN LIVINGSTON,
　　　　　　　　　　　　<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
　　　　<u>Appellee</u>,

　　　　-v.-　　　　　　　　　　　　　　　　15-428

GIOVANNI VELLA, a/k/a JOHN VELLA,
a/k/a MOUSEY, a/k/a LITTLE JOHN,
　　　　<u>Defendant-Appellant</u>,

FRED ALESI, a/k/a WHINEY, ANTHONY
ARCURI, a/k/a TONY, ROBERT BERLINGER,
a/k/a BACALA, LAWRENCE BETRO,
FRANKLIN CAMARANO, JOHN CAVALLO,
a/k/a/ JACKIE CAVALLO, a/k/a LITTLE
JOHN, ANTHONY CAVEZZA, a/k/a/ TONY
BAGELS, FRANCIS COSTELLO, DOMINICK
DELIO, ROBERT DITO, THOMAS DITTA,

**FRANK POLITI, a/k/a FRANKIE P, a/k/a FRANKIE CAP, TONY SABBAGH, a/k/a TONY O, a/k/a ANTHONY SABBAGH, AYUB SAYED, a/k/a ADAM, CARLOS ZAMBRANO,**
            <u>**Defendants**</u>.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLEE:**                  Susan Corkery & Amir H. Toossi, Assistant United States Attorneys, <u>for</u> Kelly T. Currie, Acting United States Attorney for the Eastern District of New York.

**FOR APPELLANT:**                 Thomas F. Liotti, The Law Offices of Thomas F. Liotti, Garden City, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Giovanni Vella appeals from the sentence of the United States District Court for the Eastern District of New York (Spatt, <u>J.</u>).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On June 20, 2011, Vella pled guilty to conspiracy to commit extortion in violation of 18 U.S.C. § 1951(a).  The district court sentenced him to one year and a day of imprisonment and three years of supervised release.  Vella appeals his sentence as excessive and unduly harsh.

In assessing a sentence, we do not substitute our own judgment for that of the sentencing court, but rather we review the reasonableness of the sentence using a standard "akin to abuse of discretion." <u>United States v. Kane</u>, 452 F.3d 140, 144 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).  This review for reasonableness has a procedural and a substantive component. <u>United States v. Johnson</u>, 567 F.3d 40, 51 (2d Cir. 2009).  "The procedural inquiry focuses 'primarily on the sentencing court's

compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a).'" United States v. Florez, 447 F.3d 145, 157 (2d Cir. 2006) (quoting United States v. Canova, 412 F.3d 331, 350 (2d Cir. 2005)).

We also review a sentence for its substantive reasonableness, considering whether the length of the sentence is reasonable in light of the applicable United States Sentencing Guidelines range and other relevant factors set forth in 18 U.S.C. § 3553(a). See Gall v. United States, 552 U.S. 38, 50-51 (2007). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006).

Vella's sentence was procedurally and substantively reasonable. As to the procedural reasonableness, at sentencing the district court explicitly considered the § 3553(a) factors, including the seriousness of the crime, the need to promote respect for the law, and the need for adequate deterrence. The district court also considered Vella's immigration status.

As to substantive reasonableness, Vella's main challenge is that the sentence did not adequately reflect the collateral consequence that he may be deported as a result of the sentence. But the sentence of 12 months and a day is a significant downward departure from the Guidelines range of 57 to 71 months' imprisonment. Indeed, the only other co-defendant who was charged with extortion and sentenced before Vella received a sentence of 51 months. The sentence was in fact reasonable. See United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009) (explaining that substantive unreasonableness is "a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law").

Additionally, the calculated Guidelines range for Vella's conviction called for 57 to 71 months imprisonment, so his sentence of 12 months and a day imprisonment reflects a significant downward departure from the Guidelines. Indeed, the only other co-defendant who was charged with extortion and sentenced before Vella received a sentence of 51 months. The sentence was in fact reasonable. See United

3

States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009) (explaining that substantive unreasonableness is "a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law").

    For the foregoing reasons, and finding no merit in Vella's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK